# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYSHA S. HOLMES,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
AT-0752-11-0263-C-1

DATE: April 15, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

Evan Greenstein, Washington, D.C., for the appellant.

Robert J. Barham, Fort Jackson, South Carolina, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the compliance initial decision, which granted in part and denied in part the appellant's petition for enforcement. For the reasons discussed below, we GRANT the agency's petition for review and DENY the appellant's cross petition for review. Except as expressly MODIFIED by this Order to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

correct the relevant dates that the appellant received both interim relief and Office of Workers' Compensation Programs (OWCP) benefits, we AFFIRM the compliance initial decision that found the agency in partial noncompliance.

## BACKGROUND

¶2 The appellant was a Physician Assistant who worked in the Department of Preventive Medicine Service[2] at the agency's Moncrief Army Community Hospital. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-2, Appeal File, Tab 8, Exhibit (Ex.) 28. The agency removed the appellant based on four charges of failing to follow supervisory instructions, making an offensive remark and disrespectful behavior towards her supervisor, insubordination, and unauthorized disclosure of medical quality assurance information. *Id.*, Exs. 19, 28. The appellant appealed her removal to the Board. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-1, Initial Appeal File, Tab 1.

¶3 On appeal, the administrative judge reversed the removal action, finding that the agency violated the appellant's due process rights, and ordered the agency to provide interim relief. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Initial Decision at 6-7 (Jan. 2, 2013). As a result, the agency reinstated the appellant to her position, made an undue disruption determination, and placed her on administrative leave. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-C-1, Compliance File (CF), Tab 3 at 16-26, 28. The agency petitioned for review of the initial decision, and the Board found that the agency did not violate the appellant's due process rights and remanded the case for further adjudication. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Remand Order

---

[2] At various times in the record this office is also referred to as the Preventive Medicine Department.

at 2 (July 9, 2014). The Board also found that the appellant was not entitled to interim relief because she was receiving compensation from OWCP. *Id.* at 3-4.

¶4 During the remand proceedings, the appellant filed a motion claiming that the agency improperly initiated a collection action through the Defense Finance and Accounting Service (DFAS) to recoup her interim relief payments. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-B-1, Remand File, Tab 6. The administrative judge docketed her motion as a separate petition for enforcement. CF, Tab 1. After accepting evidence and argument on the matter, he issued a compliance initial decision in which he found two relevant time periods in this case. CF, Tab 12, Compliance Initial Decision (CID) at 3. He found that from January 13 through December 13, 2013 (Period One), the appellant received both interim relief payments and OWCP payments, and from December 14, 2013, through July 9, 2014 (Period Two), the appellant received only interim relief payments. *Id.* The administrative judge also found that the appellant was not entitled to retain the interim relief payments for Period One because she was receiving OWCP benefits at the same time. CID at 3-4. He further found that she was entitled to retain the interim relief payments for Period Two. *Id.*

¶5 The agency has filed a petition for review. Compliance Petition for Review (CPFR) File, Tabs 1-2. The appellant has filed a response and a cross petition for review.[3] CPFR File, Tab 13. The agency has filed a response to the cross petition for review. CPFR File, Tab 17.

---

[3] On January 20, 2017, the appellant submitted a motion for an enlargement of time to reply to the agency's response to her cross petition for review. CPFR File, Tab 20. Because the regulations do not provide for such a reply, we deny the motion. 5 C.F.R. § 1201.114(a).

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We modify the compliance initial decision to correct the dates for the appellant's receipt of interim relief and OWCP benefits.</u>

¶6          On review, the agency agrees with the administrative judge's reasoning in the compliance initial decision but asserts that the administrative judge incorrectly identified the dates in the two relevant periods of time. CPFR File, Tab 2 at 4. Specifically, the agency contends that Period One—during which the appellant received both OWCP benefits and interim relief payments—should be identified as January 2 through December 14, 2013 (as opposed to January 13 through December 13, 2013). *Id.* at 5-6. The agency asserts that the appellant was reinstated effective January 2, 2013, and provides a Standard Form 50 for support. CF, Tab 3 at 18-21, 28. The agency also asserts that the appellant was receiving OWCP benefits when she was reinstated and that she continued to receive those benefits through December 14, 2013. CPFR File, Tab 2 at 6; CF, Tab 3 at 12. The agency contends, therefore, that the correct timeframe for Period Two—during which the appellant received interim relief but not OWCP benefits—is from December 15, 2013 (as opposed to December 14, 2013), through July 9, 2014. CPFR File, Tab 2 at 7. The agency requests that the dates be corrected so that DFAS may properly complete the calculation for recoupment of any debt owed to the Federal Government by the appellant for Period One. *Id.* at 8.

¶7          We find that the agency has provided sufficient evidence to establish that the administrative judge incorrectly identified the first relevant period of time, during which the appellant improperly received both interim relief payments and OWCP benefits, and that the appellant has not challenged these dates. Accordingly, the correct dates for Period One are January 2 through December 14, 2013. Consequently, Period Two, during which the appellant properly received only interim relief benefits, is December 15, 2013, through July 9, 2014.

<u>The administrative judge correctly found that the appellant received interim relief funds to which she is not entitled.</u>

¶8        It is undisputed that, during Period One the appellant received interim relief payments while receiving OWCP benefits that resulted in an overpayment.  In her cross petition for review, the appellant contends that there is no legal authority for repaying this alleged debt.  CPFR File, Tab 13 at 9.  She also argues that repayment under 5 U.S.C. § 8116(a)(1) is not required because her interim relief payments were not "in return for services performed," as required by the statute, because she was on administrative leave due to the undue disruption determination.  She therefore argues that her debt should be canceled.  *Id.* at 6, 9-11.  We find these arguments unpersuasive.

¶9        If an appellant is receiving OWCP compensation when the initial decision is issued, interim relief generally should not be ordered because it could result in the agency's paying funds in violation of 5 U.S.C. § 8116(a).[4]  *Davis v. Department of Justice*, 61 M.S.P.R. 92, 95-96, *aff'd*, 43 F.3d 1485 (Fed. Cir. 1994) (Table).  Further, when the relief provided is to return the appellant to work and the agency instead makes an undue disruption determination and decides not to return the appellant to work under 5 U.S.C. § 7701(b)(2)(A)(ii)(II), the agency nevertheless is required to pay her during the interim relief period under 5 U.S.C. § 7701(b)(2)(B).  *Davis*, 61 M.S.P.R. at 95.  The Board has held that an appellant's receiving pay under these circumstances is contrary to 5 U.S.C. § 8116(a).  *Id.*  Accordingly, we agree with the administrative judge's findings that the appellant received funds to which she is not entitled during Period One.

¶10        Concerning the appellant's apparent challenge to the agency's undue disruption determination, we agree with the administrative judge that the Board

---

[4] Section 8116(a) provides, in pertinent part, that "[w]hile an employee is receiving [OWCP] compensation . . . he may not receive salary, pay, or remuneration of any type from the United States, except . . . in return for service actually performed . . . ."

lacks jurisdiction over whether the agency acted appropriately in that regard. CID at 4-5; *see King v. Jerome*, 42 F.3d 1371, 1374-75 (Fed. Cir. 1994). In any event, as the administrative judge properly found, the Board cannot order payments in violation of 5 U.S.C. § 8116(a). CID at 4; *see Davis*, 61 M.S.P.R. at 95. Moreover, to the extent the appellant requests that the Board waive the debt as against equity and good conscience, she has not identified—and we are not aware of—any authority under which the Board may do so. Accordingly, we deny the appellant's cross petition for review.

¶11        Because we are affirming the compliance initial decision that found the agency in partial noncompliance, the agency is directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the petition for review of the compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.[5]

## ORDER

¶12        We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including

---

[5] The subsequent decision may incorporate the analysis and findings set forth in this Order.

submitting evidence and a narrative statement of compliance. The agency's submission shall demonstrate, as set forth above and in the compliance initial decision, that it stopped any efforts to recoup interim relief payments made to the appellant during the period from December 15, 2013, through July 9, 2014, and that it provided DFAS with a copy of this Order with instructions not to seek any recoupment of interim relief payments for that time period. The agency must serve all parties with copies of its submission.

¶13    The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. AT-0752-11-0263-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶14    The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

¶15    The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to

impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶16      This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.

FOR THE BOARD:                  /s/ for
                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.